NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAR 19 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

BENJAMIN FLOURNOY,

      Plaintiff - Appellant,

 v.

M. POLLARD, Warden, Richard J.
Donovan Correctional Facility; C. KIES,
Correctional Officer,

      Defendants - Appellees,

and

KILOUGH, Mr. MIRANDA,
Lieutenant, RALPH DIAZ, Former CDCR
Secretary, HOWARD E. MOSELEY,
Associate Director of Appeals, Richard J.
Donovan Correctional Facility, DOES, 1-
15; Captain,

      Defendants.

No. 24-4953

D.C. No. 3:21-cv-01767-RBM-DTF

MEMORANDUM[*]

Appeal from the United States District Court
for the Southern District of California
Ruth Bermudez Montenegro, District Judge, Presiding

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Submitted March 16, 2026

Before: SILVERMAN, NGUYEN, and HURWITZ, Circuit Judges.

California state prisoner Benjamin Flournoy appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging deliberate indifference to his health and safety. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004). We affirm.

The district court properly granted summary judgment to defendants Pollard and Kies because Flournoy failed to raise a genuine dispute of material fact as to whether they were deliberately indifferent to Flournoy's risk of contracting COVID-19. *See Farmer v. Brennan*, 511 U.S. 825, 837, 844 (1994) (a prison official cannot be held liable for deliberate indifference "unless the official knows of and disregards an excessive risk to inmate health or safety"; officials may not be held liable "if they responded reasonably to the risk, even if the harm ultimately was not averted").

We do not consider arguments raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**

---

** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

24-4953